UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHAUN NICHOLAS MOORE ,

        Plaintiff,

v.

JASON VANDYKEN et al.,

        Defendants.
_____/

Case No. 1:23-cv-140

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 7.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Rice, Mahoney, Buchner, and Baulk. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendant VanDyken: (1) Plaintiff's claims premised upon the violation of criminal laws; and (2) Plaintiff's constitutional claims premised upon verbal harassment and the denial of a full serving at dinner time. Plaintiff's constitutional claim for the use of excessive force against Defendant VanDyken remains in the case.

## Discussion

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan. The events about

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

which he complains, however, occurred at the St. Joseph County Jail in Centreville, Michigan. Plaintiff sues Officers Jason VanDyken, Kyle Rice, and James Mahoney, as well as Kitty Buchner and Brad Baulk.

Plaintiff alleges that on May 7, 2022, he requested to speak to Sergeant Jim Hasebrook (not a party) about "disrespect coming from [Defendant] VanDyken." (ECF No. 1, PageID.4.) Plaintiff contends that on that date, he and Defendant VanDyken "exchanged words that led to utter disrespect." (*Id.*) Plaintiff "could no longer contain his verbal aggression" and hit the emergency button, asking Defendant Rice "to possib[ly] get a hold of the situation as well as a [sergeant] so that things wouldn't progress." (*Id.*) Plaintiff's request was ignored. (*Id.*)

Later that day, around dinner, Defendant VanDyken "made [gestures] of disrespect[,] saying things [to Plaintiff] like [he is] all talk and that [he is] a p***y." (*Id.*, PageID.4–5.) Plaintiff started yelling back using "slurs of disrespect." (*Id.*, PageID.5.) Plaintiff got his meal tray through the slot and then noticed it was not a full serving. (*Id.*) Plaintiff contends that another inmate's tray was also short. (*Id.*) Plaintiff's tray was not corrected; the other inmate's tray was corrected. (*Id.*) Plaintiff asked to speak to a sergeant. (*Id.*) Defendant VanDyken told Plaintiff to remove his tray from the slot, and Plaintiff did so. (*Id.*) Defendant VanDyken then slammed the slot door closed, "causing it to jam [Plaintiff's] broken finger." (*Id.*)

Plaintiff contends that he wants to pursue assault and strangulation charges against Defendant VanDyken. (*Id.*, PageID.6.) Based on the foregoing, the Court construes Plaintiff's complaint to also assert constitutional claims premised upon verbal harassment, the denial of a full serving at dinner time, and excessive force. Plaintiff seeks damages as well as an investigation into the assault. (*Id.*, PageID.7.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

5

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Against Defendants Mahoney, Buchner, and Baulk

Although Plaintiff names Mahoney, Buchner, and Baulk as Defendants, he does not make any factual allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Mahoney, Buchner, and Baulk in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim

showing that the pleader is entitled to relief"). All claims against Mahoney, Buchner, and Baulk, therefore, are properly dismissed.

### B.     Claims Against Defendant Rice

Plaintiff contends that on May 7, 2022, Defendant Rice ignored Plaintiff's request to "get a hold of the situation" and to speak to a sergeant regarding Defendant VanDyken's verbal harassment. (ECF No. 1, PageID.4.) A claimed constitutional violation, however, must be based on active unconstitutional behavior. *See Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Liability cannot be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff has failed to allege that Defendant Rice engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Defendant Rice.

### C.     Claims Against Defendant VanDyken

#### 1.     Claims Premised Upon Violations of Criminal Laws

Plaintiff indicates that he wishes to pursue assault and strangulation charges against Defendant VanDyken. (ECF No. 1, PageID.6.) Plaintiff, however, has no cause of action to sue for violations of state criminal laws. As the United States Court of Appeals for the Sixth Circuit has explained:

> We do not casually, or for that matter routinely, imply private rights of action in favor of the victims of violations of criminal laws. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Quite the opposite is true, as all of the following cases confirm. *See, e.g.*, *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 165–66 (2008); *Central Bank of Denver*, 511 U.S. at 190–91; *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979); *Cort v. Ash*, 422 U.S. 66, 80 (1975).

7

*Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff's claims against Defendant VanDyken premised upon violations of criminal laws will, therefore, be dismissed.

### 2. Constitutional Claims

The Court has construed Plaintiff's complaint to assert constitutional claims against Defendant VanDyken premised upon verbal harassment, the denial of a full meal, and excessive force. Both "[t]he Eighth and Fourteenth Amendments are violated 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). The application of the proper constitutional right depends on the nature of Plaintiff's detention: the Eighth Amendment applies to convicted prisoners and the Fourteenth Amendment applies to pretrial detainees. *Id.* (citations omitted). Because Plaintiff does not specify the nature of his custody as of May 7, 2022 (the date of the incident), the Court considers Plaintiff's claims under both the Eighth and Fourteenth Amendment standards.

#### a. Verbal Harassment

The Court has construed Plaintiff's complaint to assert a constitutional claim against Defendant VanDyken premised upon his verbal harassment of Plaintiff. Although unprofessional, the alleged verbal harassment by Defendant VanDyken does not rise to the level of a constitutional violation under either the Eighth Amendment or Fourteenth Amendment. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam); *see also Jones v. Porter,* No. 99–1326, 2000 WL 572059, at *2 (6th Cir. May 1, 2000) (concluding that "Jones's Fourteenth Amendment equal

8

protection claim is without merit, as a prison official's verbal harassment or idle threats do not rise to a constitutional level"); *Clark v. Turner,* No. 96–3265, 1996 WL 721798, at *2 (6th Cir. Dec.13, 1996) (stating that "[v]erbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights"). Plaintiff's claim premised upon verbal harassment by Defendant VanDyken will, therefore, be dismissed.

### b.    Denial of a Full Serving and Failure to Correct Issue

The Court has construed Plaintiff's complaint to assert a constitutional claim premised upon the denial of a full serving at dinner time on May 7, 2022. Plaintiff suggests that he told Defendant VanDyken about the issue with his tray, but that nothing was done to correct the issue. (ECF No. 1, PageID.5.) The Eighth Amendment's prohibition against cruel and unusual punishment obligates officials to provide humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Those protections are incorporated for pretrial detainees by the Due Process Clause of the Fourteenth Amendment. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018).

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough

9

that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). As noted above, however, in *Kingsley*, the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit "modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness." *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 597 (quoting *Castro v. City of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

*Brawner*, however, "left the [objective] prong untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Under that prong, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth [or

10

Fourteenth] Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

With respect to meals, "[c]ourts have consistently found that missing a single meal does not rise to the level of a constitutional violation." *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *3 (W.D. Mich. Jan. 18, 2008); *see also Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health). If the deprivation of a few meals for a limited period fails to state a constitutional claim, it stands to reason that Plaintiff's allegation concerning the lack of a full serving on his dinner tray on one occasion falls far short of the serious deprivations protected by the Eighth and Fourteenth Amendments. *See Turner v. Gilbertson*, No. 2:17-cv-65, 2017 WL 1457051, at *5 (W.D. Mich. Apr. 25, 2017) (concluding that an inmate failed to state an Eighth Amendment claim when he "missed two packets of crackers—far less than even one meal—and was forced to use a broken spoon to eat the same meal"). Plaintiff's claim regarding the lack of a full serving on his dinner tray will, therefore, be dismissed.

Plaintiff's claim regarding the denial of a full serving could also invoke the protections of the Fourteenth Amendment's Equal Protection Clause, as Plaintiff alleges that another inmate had

11

the same issue and his tray was corrected, but Plaintiff's tray was not. (ECF No. 1, PageID.5.) The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff does not identify a fundamental right, and he does not allege that he is a member of a suspect class. "[P]risoners are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), "nor are classifications of prisoners," *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003).

To state an equal protection claim in a class-of-one case, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10–11 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011). "[T]he hallmark of [a 'class-of-one'] claim is not the allegation that *one individual* was singled out, but rather, the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (alterations in original) (citations omitted); *see Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("The 'class of one' theory . . . is unusual because the plaintiff in a 'class of one' case does not allege that the defendants discriminate against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily." (emphasis in original)). A plaintiff "must overcome a 'heavy burden' to prevail based on the class-of-one theory." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012)

(citing *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 791 (6th Cir. 2005)). "Unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Id.* (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210–11 (10th Cir. 2004)).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc.*, 470 F.3d at 298)). "Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects." *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)); *see also Nordlinger*, 505 U.S. at 10; *Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018).

Any intended equal protection claim is wholly conclusory. Plaintiff's complaint is devoid of facts to suggest that Defendant VanDyken intentionally and arbitrarily discriminated against him by fixing the other inmate's meal tray and not Plaintiff's tray. Plaintiff's conclusory allegations simply do not suffice to state a claim. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). The Court, therefore, will dismiss any intended Fourteenth Amendment equal protection claim against Defendant VanDyken.

### c.     Excessive Force

The Court has construed Plaintiff's complaint to assert a constitutional claim for excessive force against Defendant VanDyken, premised upon Plaintiff's allegation that Defendant VanDyken slammed the cell's food slot on his broken finger.

Claims of excessive force are governed by the provisions of the Fourth, Eighth, and Fourteenth Amendments, depending upon where in the criminal process the use of force occurs. For convicted prisoners, the Eighth Amendment's ban of cruel and unusual punishment governs the use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 37–39 (2010). For pretrial detainees, the protection against the use of excessive force is afforded by the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 392–93 (2015); *see also Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 727 (6th Cir. 2022), *reh'g en banc denied*, 35 F.4th 1051 (6th Cir. 2022). Finally, the Fourth Amendment protects against the use of excessive force against someone "in the course of an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Fourth Amendment protections apply for "one who has been arrested but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing." *Colson v. City of Alcoa, Tenn.*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citing *Aldini v. Johnson*, 609 F.3d 858, 866 (6th Cir. 2010)).

It does not appear that Plaintiff was an arrestee at the time of the events alleged in his complaint. Moreover, as noted above, the complaint is devoid of facts that would permit the Court to conclusively determine whether Plaintiff was a convicted prisoner or pretrial detainee on May 7, 2022, when the alleged use of excessive force occurred. In any event, regardless of whether the Eighth or Fourteenth Amendment applies, Plaintiff has set forth a plausible excessive force claim against Defendant VanDyken.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Rice, Mahoney, Buchner, and Baulk will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendant VanDyken: (1) Plaintiff's claims premised upon the violation of criminal laws; and (2) Plaintiff's constitutional claims premised upon verbal harassment and the denial of a full serving at dinner time. Plaintiff's constitutional claim for the use of excessive force against Defendant VanDyken remains in the case.

An order consistent with this opinion will be entered.


Dated:   March 27, 2023                                     /s/ Ray Kent
                                                            Ray Kent
                                                            United States Magistrate Judge